# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MALIK DAVIS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES COURT OF APPEALS,<br><br>　　　　Respondent. | No. 2:24-cv-02173-KK-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

## SUMMARY OF ORDER

Petitioner Malik Davis filed a habeas petition in federal court arguing that he should be resentenced in state court. Davis's claim appears to not be cognizable on federal habeas review—meaning, it is not the kind of claim for which the federal courts may grant habeas relief. Federal courts may only grant federal habeas relief if a prisoner is held in violation of the federal Constitution, a federal statute, or treaty. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). But Davis's claim appears to be a matter of state resentencing law, and a court may not grant federal habeas corpus relief for errors of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). In addition, it does not appear that Davis has exhausted his claim by presenting it to the state's highest court before filing this federal

Petition. The Court therefore orders Davis to explain why his Petition should not be dismissed. **If Davis fails to timely respond to this order, the Court will recommend that his Petition be dismissed.**

## ORDER

Davis is a California state prisoner currently housed in the California Correctional Institution in Tehachapi, California. (ECF 1 at 9.) He was convicted of burglary and sentenced to 12-years' imprisonment. He filed this Petition because he believes he is entitled to resentencing under either AB 333[1] and AB 124.[2] (ECF 1 at 7.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. It appears that this Petition is subject to dismissal under Rule 4 because it does not set forth a cognizable claim and because the claims it presents are not exhausted. The Court will discuss each of these in turn.

First, a federal court may only grant federal habeas relief upon a showing that the petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. *McGuire*, 502 U.S. at 68. A court may not grant federal habeas corpus relief for errors of solely state law. *Wilson v. Corcoran*, 562 U.S.

---

[1] AB 333 amended California Penal Code section 186.22, a provision that defines the elements necessary to prove a gang enhancement. AB 333 went into effect on January 1, 2022. Under California law, AB 333 is retroactive to any case that was not final on appeal as of the law's effective date. *People v. Ramos*, 77 Cal. App. 5th 1116, 1126 (2022).

[2] AB 124 amended California Penal Code section 1170 to make a low-term sentence presumptively appropriate in certain circumstances, including cases in which a defendant's youth or status as a victim of violence was a contributing factor in the commission of the offense.

1, 5 (2010). Any eligibility Davis may have for resentencing is purely a matter of state law. It would appear, then, that his claim for resentencing is not cognizable on federal habeas review. *See Malone v. Gastelo*, No. CV 21-04335 JLS (RAO), 2022 WL 14966301, at *5 (C.D. Cal. Aug. 30, 2022), *report and recommendation adopted*, 2022 WL 15173364 (C.D. Cal. Oct. 25, 2022) (finding that a state court's denial of resentencing under section 1172.6 does not raise a cognizable issue on federal habeas review).

Second, a state prisoner must also exhaust state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).

Here, the Petition does not reflect that Petitioner has presented his claim for resentencing to the California Supreme Court. (ECF 1 at 6 (stating that Petitioner filed a state habeas petition in the Torrance Superior Court only).) Moreover, a search of the California Supreme Court's dockets[3] does not reflect any filing under his name. As such, it appears his Petition is subject to dismissal for failure to exhaust.

Before the Court recommends dismissal of the action on these grounds, the Court will give Davis an opportunity to respond. Davis is therefore

---

[3] https://appellatecases.courtinfo.ca.gov/

3

**ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to raise a cognizable claim and for failure to exhaust. Davis shall file his response in writing **no later than May 10, 2024**.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed for failure to exhaust, failure to present cognizable claims, and/or for failure to prosecute and to follow court orders**.

DATED: April 10, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE